**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Lighthouse Healthcare Center, LLC, a California Limited Liability Company,

Plaintiff,

v.

National Fire & Marine Insurance Company, a Nebraska Corporation; MedPro Group, Inc. and DOES 1-110,

Defendants.

Case No. 2:25-cv-01651-ODW-AYP

**PROPOSED JUDGMENT GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Assigned to: Hon. Otis D. Wright

On November 23, 2026, Plaintiff Lighthouse Healthcare Center, LLC's ("Lighthouse's") Motion for Partial Summary Judgment came for hearing.

Lighthouse seeks summary judgment on the following issues:

(1) The Code of Civil Procedure Section 364 Notice of Intent to Sue served on Lighthouse for alleged misconduct in the care of Valerie Donnell ("*Donnell* Notice"), and tendered to Defendant MedPro Group Inc. ("MedPro") on March 8, 2017 under a Senior Care Professional Liability Policy triggered MedPro's duties to investigate and defend.

(2) Defendants breached these duties by failing to investigate or defend the *Donnell* Notice in 2017, and failing to communicate any coverage position to Lighthouse;

(3) Lighthouse's October 11, 2019 tender of court-filed documents supporting a request for summary judgment in the lawsuit filed against Lighthouse by Valerie Donnell's husband ("*Donnell* Suit") put Defendants further on notice of their ongoing duty to defend;

(4) Defendants' 2023 assignment of defense counsel was illusory and thus did not constitute provision of a defense;

(5) Defendants are equitably estopped from asserting any Policy defenses to bar coverage of the *Donnell* Suit;

(6) No Policy exclusion clearly and unambiguously barred coverage for *Donnell* in 2017 or 2019;

(7) No Policy exclusion clearly and unambiguously bars coverage for the *Donnell Suit* now;

(8) Defendants thus breached their duties to defend and investigate.

An insurer owes a duty to defend its insured if the claims create even a potential for coverage. *Anthem Elecs., Inc. v. Pac. Emplrs. Ins. Co.,* 302 F.3d 1049, 1055 (9th Cir. 2002). If Plaintiff shows a potential that the *Donnell* Notice and Suit were covered, and Defendants do not conclusively refute that potential, then the Court must find that Defendants had a duty to defend. *Hollyway Cleaners & Laundry Co., Inc. v. Cent. Nat'l Ins. Co. of Omaha, Inc.*, 219 F. Supp. 3d 996, 1002 1004 (C.D. Cal. 2016). Any doubts must be resolved in favor of the insured. *Hudson Ins. Co. v. Colony Ins. Co.,* 624 F.3d 1264, 1267 (9th Cir. 2010).

Defendants admit that the 2017 *Donnell* Notice was covered at the time of tender. They likewise admit that they did not appoint defense counsel at that time, or conduct any investigation into the matter. These failures alone establish the breach. The duty to defend arose when Defendants received the *Donnell* Notice, and found that coverage existed for it, irrespective of the fact that a lawsuit did not yet exist. "To defend meaningfully, the insurer must defend immediately." *Buss v. Superior Ct.*, 16 Cal. 4th 35, 49 (1997); *see also CNA Cas. of California v. Seaboard Sur. Co.*, 176 Cal.

App. 3d 598, 605 (1986) ("If the insurer is obliged to take up the defense of its insured, it must do so as soon as possible, both to protect the interests of the insured, and to limit its own exposure to loss").

Defendants' breach continued in 2019, when they received tender of the *Donnell* Suit, but again declined to investigate, defend, or make a coverage determination. Although Defendants obtained a "confirmation" from the insurance broker that the eight documents tendered did not relate to Lighthouse, Defendants admit that each plainly referenced Plaintiff. Defendants were not entitled to rely on the false statements of a third-party where it conflicted with the court-filed documents. "[T]he duty to defend begins when a potential for coverage arises, and the duty continues *until the insurer proves otherwise*." *Hartford Accident & Indem. Co. v. Sup.Ct. (Syntex)* (1994) 23 Cal.App. 4th 1774, 1781. "In determining whether a duty to defend exists, courts look to all the facts available to the insurer at the time the insured tenders its claim for a defense." *Vann v. Travelers Companies*, 39 Cal. App. 4th 1610, 1614 (1995).

Defendants' late appointment of counsel in 2023, after default judgment had been entered against Lighthouse, did not cure the earlier breach. *Shade Foods, Inc. v. Innovative Products Sales & Mktg., Inc.*, 78 Cal. App. 4th 847, 881 (2000). Rather, because the defense provided was illusory, this constituted a further breach.

Defendants' failure to perform any investigation in 2017 and 2019 is a further breach of their duties under the Policy. "Among the most critical factors bearing on the

insurer's good faith is the adequacy of its investigation of the claim." *Shade Foods, supra* 78 Cal. App.4th at 879. An insurer must conduct a full investigation before taking a coverage position. "[I]t is essential that an insurer fully inquire into possible bases that might support the insured's claim .... [A]n insurer cannot reasonably and in good faith deny payments to its insured without thoroughly investigating the foundation for its denial." *Egan v. Mutual of Omaha Ins. Co.* 24 Cal. 3d 809, 819 (1979).

Due to Defendants inequitable conduct in both failing to act under the Policy, and obscuring this inaction from Lighthouse, causing them to incur a default judgment, Defendants are estopped from asserting any Policy provision as defenses to coverage.

However, even if the Court were to consider the defenses as asserted in Defendants' denial, the outcome would be the same. Defendants denied coverage under the Policy's "Assistance and Cooperation" and "Reporting Requirement" provisions, as well as the default judgment exclusion.

None of these could have applied to bar coverage in 2017 or 2019 when the breach arose, so Defendants cannot avoid liability on these bases now. Moreover, they did not apply in 2025 when Defendants denied *Donnell*. Lighthouse cooperated with Defendants once cooperation was requested in 2023, and it provided Defendants notice of the action. Further, the default judgment exclusion only bars coverage where the judgment results from the insured preventing Defendants from timely investigating or

defending. Defendants here could have investigated or defended the *Donnell* Notice or Suit any time between 2017 and 2023, but chose not to.

The Court, having considered Plaintiff's Motion and finding good cause therefor, hereby GRANTS the Motion and ORDERS as follows:

Plaintiff is granted summary judgment on the following issues:

(6) The Code of Civil Procedure Section 364 Notice of Intent to Sue served on Lighthouse for alleged misconduct in the care of Valerie Donnell ("*Donnell* Notice"), and tendered to Defendant MedPro Group Inc. ("MedPro") on March 8, 2017 under a Senior Care Professional Liability Policy triggered MedPro's duties to investigate and defend.

(7) Defendants breached these duties by failing to investigate or defend the *Donnell* Notice in 2017, and failing to communicate any coverage position to Lighthouse;

(8) Lighthouse's October 11, 2019 tender of court-filed documents supporting a request for summary judgment in the lawsuit filed against Lighthouse by Valerie Donnell's husband ("*Donnell* Suit") put Defendants further on notice of their ongoing duty to defend;

(9) Defendants' 2023 assignment of defense counsel was illusory and thus did not constitute provision of a defense;

(10) Defendants are equitably estopped from asserting any Policy defenses to bar coverage of the *Donnell* Suit;

(6) No Policy exclusion clearly and unambiguously barred coverage for *Donnell* in 2017 or 2019;

(7) No Policy exclusion clearly and unambiguously bars coverage for the *Donnell Suit* now;

(8) Defendants thus breached their duties to defend and investigate.

.

IT IS SO ORDERED.

Dated:

HON. OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE