UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01651-ODW-AYP Date: October 20, 2026

Title Lighthouse Healthcare Center, LLC v. National Fire & Marine Insurance

-

Present: The Honorable: Anna Y. Park, United States Magistrate Judge

| | |
|---|---|
| M. Pogosyan | |
| Deputy Clerk | Court Reporter / Recorder |

| | |
|---|---|
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| None | None |

**Proceedings: (In Chambers) THE COURT HEREBY GRANTS IN PART AND DENIES IN PART PLAINTIFF'S MOTION FOR SANCTIONS AS TO DEFENDANTS PURSUANT TO RULE 37 (Dkt. No. 62)**

## I.
## SUMMARY

Pending before the Court is a ruling on Plaintiff Lighthouse Healthcare Center, LLC's ("Plaintiff") Notice of Motion and Motion to Compel Compliance with Discovery Order and for Sanctions and Rule 37 Relief ("Motion for Discovery Sanctions") (Dkt. No. 62).

On October 13, 2026, the Court held a hearing on Plaintiff's Motion for Discovery Sanctions and issued an interim Order compelling the parties to meet and confer, and to retain an independent third-party electronically stored information ("ESI") specialist to assist the parties to effectuate the Court's previous Order. (Dkt. No. 66.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01651-ODW-AYP Date: October 20, 2026

Title Lighthouse Healthcare Center, LLC v. National Fire & Marine Insurance

The Court notes that the parties failed to submit a joint stipulation in violation of Local Rule 37-2. Nevertheless, the Court exercises its discretion to accept and consider the Motion for Discovery Sanctions, notwithstanding the parties' noncompliance. The Court is in receipt of Defendants' opposition and Plaintiff's reply. (Dkt. No. 64 and Dkt. No. 65.) The matter is fully briefed and submitted for decision.

## II.
## FACTUAL AND PROCEDURAL BACKGROUND

### i. Plaintiff's Prior Motions and Court's Prior Discovery Orders

On July 24, 2026, this Court entered an Order on Plaintiff's Request for Responses to Request for Production of Documents ("July Order"). (Dkt. No. 54). The Court Granted In Part and Denied In Part Plaintiff's Request for Responses to RFP Nos. 25, 27, and 28. The parties were ordered to "meet and confer and develop ESI protocols for searching for responsive documents in both OASIS and OnBase databases." (Dkt. No. 54.) The parties were further ordered to "each engage a litigation support specialist to participate in the meet and confer process to discuss what information can be extracted from Defendants' databases, what can be searched, the methodology of the data extraction, how the information should ultimately be produced, and other issues unique to the type of data. The litigation support specialist is to participate in the meet and

confer to assess what information can be extracted/downloaded from Defendants' systems, explore what 'monitor and adjust' functions encompass, and develop protocols for downloading the information into useable formats to comply with this Court's Order from both systems identified by the Defendants." (Dkt. No. 54.)

**ii. Plaintiff's Motion for Discovery Sanctions**

On September 11, 2026, Plaintiff brought a Motion for Discovery Sanctions for failing to comply with the July Order on the following grounds: (1) Defendants arbitrarily eliminated potential responsive documents in violation of the meet and confer process; (2) Defendants unilaterally and arbitrarily modified the search results without Plaintiff's input and failed to timely disclose these modifications to Plaintiff; (3) Defendants conducted a "black box responsiveness review" resulting in the exclusion of responsive documents; and (4) Defendants produced numerous redacted documents while failing to provide a privilege log detailing the basis for their asserted privileges or their decision to withhold responsive information. (Dkt. No. 62 & 65.)

In their Opposition to Plaintiff's Motion to Compel Compliance With Discovery Order and for Sanctions and Rule 37 Relief ("Opposition to Motion for Discovery Sanctions") (Dkt. No. 64), Defendants opposed Plaintiff's Motion for Discovery Sanctions on the following grounds: (1) Defendants complied with the July Order and conducted an extensive search of thousands of documents; (2) the July Order did not compel

Defendants to produce responsive documents by Plaintiff's AI prompts without a manual review; (3) Defendants acted consistently and utilized Plaintiff's AI processes and prompts; and (4) Defendants acted in good faith and conducted manual reviews of documents that were not searchable by Plaintiff's AI tool. (Dkt. No. 64.)

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b)(2) authorizes the Court to order sanctions for a party's failure to respond to discovery requests or comply with a court's discovery order. Fed. R. Civ. P. 37(b), (d)(1). Non-compliance with a court order can give rise to a finding of civil contempt. *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). A court may find a party in civil contempt if "(1) [the party] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, and (4) by clear and convincing evidence." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A district court "has wide latitude in determining whether there has been a contemptuous def[ianc]e of its order." *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (internal quotation marks omitted) (quoting *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984)). The moving party must demonstrate by clear and convincing evidence that the alleged contemnor violated "a specific

and definite order of the court." *Id.* at 856 n.9. The burden then shifts to the opposing party to demonstrate that "they took every reasonable step to comply." *Id.* The contempt "need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695.

Substantial compliance is a defense to an allegation of civil contempt. *Gen. Signal Corp.*, 787 F.2d at 1379. "[T]he substantial compliance defense excuses an alleged contemnor who, despite not achieving total compliance, has achieved near-total compliance through the exhaustion of all reasonable efforts." *Coleman v. Newsom*, 131 F.4th 948, 956 (9th Cir. 2025). A few technical violations, where every reasonable effort has been made to comply otherwise, will not defeat substantial compliance. *In re Dual-Deck*, 10 F.3d at 695. The party raising the defense bears the burden of showing its applicability. *Coleman*, 131 F.4th at 956.

## IV.
## DISCUSSION

### A. Defendants' Supplemental Production Failed to Comply with the Court's Prior Order

The Court ordered the parties to meet and confer and develop ESI protocols to search for responsive documents in both OASIS and OnBase databases. (Dkt. No. 54.)

FRCP 26(f) contemplates the parties' discussion of how to handle ESI at the early meeting of counsel. FRCP 26(f)(3)(c) specifically requires the parties to discuss "any issues about disclosure, discovery, or preservation of electronically stored information…"

At the hearing on Plaintiff's Motion for Discovery Sanctions, the parties' dispute centered on whether the parties complied with the July Order. (Dkt. No 54.)

The parties failed to comply with the July Order. At the hearing, the parties acknowledged that while each party retained either an internal or external litigation support specialist, their participation was limited to the initial meet and confer session. The parties admit that the litigation support specialists were not involved after that initial meeting and did not participate in the meet and confer to "develop protocols for downloading the information into useable formats to comply with this Court's Order from both systems identified by the Defendants." (Dkt. No. 54 & 66.) Both litigation support specialists retained by the parties did not meaningfully engage in providing guidance and direction to the parties as outlined in the July Order. Rather, their roles were limited. Defendants' in-house litigation support specialist, Mr. Bell, was instructed by Defendants' counsel, Mr. Levy. (Dkt. No. 64.) His declaration does not address his involvement resolving the problems with the dataset nor did he discuss developing a methodology. Equally, Plaintiff's litigation support expert, Mr. Stephen, was involved in a

limited capacity in identifying artificial intelligence ("AI") search terms.

Ultimately, the parties failed to meet and confer to resolve the many issues resulting from the use of Plaintiff's AI tool. While Defendants did inform Plaintiff of the problems with the AI generated searches, the parties failed to meet and confer to resolve the issues as set forth in the July Order. For example, Defendants state that with respect to OnBase "Ops No Coverage" files, 8, 140 records could not be reliably searched." (Dkt. No. 64.) More troubling was Defendants' representation that "a small number of files were too large to include in the aiR assist dataset or were reported as errors by aiR Assist. Excluding those files reduced the AI-reviewable dataset to 57,631 records." (Dkt. No. 64) It appears Plaintiff was ultimately told about the problems, but the parties did not engage in discussions to agree on how to handle the problems with the files, nor were the litigation support specialists engaged to assist the parties in finding a mutually acceptable resolution. Instead, Defendants proceeded to develop protocols without input from the Plaintiff. This does not comply with the July Order.

The July Order contemplated that the parties, with guidance from the litigation support specialists, meaningfully meet and confer to resolve the issues involving the dataset. That did not happen. While Defendants did undertake an extensive review of the records, they were not transparent about their ad-hoc modifications, and did not meaningfully engage with Plaintiff to develop a methodology on extracting the data in

question, and to address the issues arising from the dataset which is contemplated when developing ESI protocols in the July Order.

Additionally, Plaintiff cannot rely solely on AI since the production must be tailored to the parameters set by the Court. Plaintiff did not provide input or engage Mr. Stephen to propose a solution to the problems identified by the Defendants in using Plaintiff's AI and search terms. AI is but a tool and not a substitute for what the Court Ordered.

Defendant did attempt to comply with the Court's Orders. However, Defendants should have been more transparent and engaged with Plaintiff in developing the overall protocols. The parties should have meaningfully engaged in discussions to fully develop ESI protocols. While there was agreement on the initial search terms and the use of AI tools recommended by the Plaintiff, the July Order specifically ordered the parties to meet and confer to develop an overall methodology on the data extraction and come to a consensus and agreement on methods for extracting information from the Oasis and OnBase databases. The ESI specialists were not involved in advising the parties as to a solution to their ESI discovery limitations but rather took limited roles in the development of ESI protocols.

The Court finds the parties have failed to comply with the Court's July Order. Much of the production methodology was unilaterally decided by the Defendants. The parties did not meaningfully meet and confer to develop ESI protocols on "what information can be extracted

from Defendants' databases, what can be searched, the methodology of the data extraction, how the information should ultimately be produced, and other issues unique to the type of data." (Dkt. No. 54.)

Given the lack of transparency and noncompliance with the July Order by the parties, the Court reaffirms the Order for the parties to meet and confer and to hire a third-party neutral ESI expert in assisting the parties to comply with the Court's Order. (Dkt. No.54 & 66.) The Defendants are to be transparent on the methodology undertaken thus far and come to a consensus with Plaintiff in an effort toward resolution of the problems outlined in Defendants' Opposition. The ESI expert shall be given access to the databases in question and provide assistance to the parties to develop comprehensive protocols, address the problems outlined in Defendants' Opposition, and to ultimately ensure Defendants' production of documents in compliance with this Order and the July Order.

**B. Defendants' Privilege Log is Insufficient**

The Court previously noted that under Federal Rule of Civil Procedure 26(b)(5), "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material," the party claiming the privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01651-ODW-AYP Date: October 20, 2026

Title Lighthouse Healthcare Center, LLC v. National Fire & Marine Insurance

parties to assess the claim." Boilerplate objections are insufficient to assert a privilege. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for the Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir.2005) (as amended).

The Ninth Circuit has stated that while the party asserting the privilege must make a prima facie showing that the privilege protects the information at issue, a privilege log is one of a number of ways in which a party may sufficiently establish the privilege. *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). Nevertheless, "[a] privilege log has become an almost universal method of asserting privilege under the Federal Rules." *Caudle v. District of Columbia*, 263 F.R.D. 29, 35 (D.D.C. 2009); *see also In re Imperial Corp. of Am.*, 174 F.R.D. 475, 478 (S.D. Cal. 1997) (explaining that a document-by-document privilege log "has been, undoubtedly will, and should remain, the traditional format"). "Privilege logs should contain the following information: (1) The general nature of the document, (2) the identity and position of its author, (3) the date it was written, (4) identity and position of recipients, (5) location of the document, and (6) reason document was withheld." *Franco-Gonzalez v. Holder*, 2013 WL 8116823, at *6 (C.D. Cal. May 3, 2013).

This Court previously noted deficiencies in the privilege logs in response to cross informal discovery conference ("IDC") requests. (Dkt. No. 58.) In the Court's Order on the parties' IDC requests, the Court

specifically noted that the "descriptions in Defendant's Privilege Log are not specific enough to establish a privilege and to engage the other party to assess the claim. For example, to properly invoke the work-product doctrine, the asserting party must describe the withheld materials with sufficient specificity to enable the requesting party to assess the applicability of the privilege. Simply identifying the participants in a communication fails to meet the asserting party's burden; the log must disclose the general nature of the protected content to permit a meaningful assessment." (Dkt. No. 58.) *See* FRCP 26(b)(5)(A)(ii) and *Ramirez v. County of Los Angeles* (CD CA 2005) 231 FRD 407, 410 (failure to provide sufficient information may constitute waiver of privilege).

Here, Defendants' privilege log again is insufficient and fails to describe the nature of the documents, communications, or tangible things not produced or disclosed to enable the other party and the Court to assess the claim. The privilege log does not provide any description of the nature of the communication or documents.

Defendants argued at the hearing that it can be inferred by the recipient that some of the documents are privileged. This is insufficient given that Defendants provided a list of individuals in a separate document. The privilege log omits the roles of the participants, leaving unclear whether a given individual acted as the client or the attorney necessary to establish the privilege.

Given the multiple recipients on the various emails on the privilege

log, Defendants' privilege log lacks the necessary transparency and clarity to determine whether a privilege is applicable. The log also fails to clarify whether the emails are related, or which is the parent to the other emails. It further fails to identify whether there were attachments to the emails and if a privilege is being asserted for the attachments as well.

The Court noted at the hearing that privileged communication can be waived if a party asserting the privilege, (1) did not maintain confidentiality of the communication, (2) the communication relates to business advice as opposed to legal advice, or (3) if the communication was not between an attorney and a client. *See United States v. ChevronTexaco Corp.* (ND CA 2002) 241 F.Supp.2d 1065, 1074-1075 & fn. 6.

The Court finds the Defendants' privilege log is insufficient. The Defendants are Ordered, within seven (7) days of this Order, to cure the deficiencies in the privilege log. Further, because Plaintiff is challenging the assertion of the various privileges, Defendants shall submit a declaration specifically explaining the asserted basis for each document listed on the privilege log. The parties are then to meet and confer within seven (7) days after the revised privilege log and declaration are produced. The parties are to strictly comply with the guidance provided by the Court during the meet and confer. Any documents that remain in dispute shall be submitted to the Court with briefing, along with the

revised privilege log and supporting declaration in the form of a Joint Stipulation in compliance with LR 37-2.

**C. Request for Monetary Sanctions**

Plaintiff seeks compensation for its fees under FRCP 37. The Court defers its ruling on monetary sanctions for Plaintiff's attorney's fees until the parties resolve outstanding issues regarding ESI protocols, production, and the privilege log.

## V.
## CONCLUSION

Accordingly, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for Discovery Sanctions. The Court hereby Orders the following:

(1) The Parties are Ordered to Comply with the July Order and address the deficiencies set forth in this Order (Dkt. No. 54);

(2) The Parties are to hire a neutral third-party ESI expert to assist the parties in their compliance with the Court's Orders,

(3) The parties are to complete the production of documents within twenty (20) days of this Order;[1]

(4) Defendants shall revise the privilege log and provide a supporting declaration to Plaintiff within seven (7) days of this

[1] The District Judge has permitted Defendants to make a supplemental production after the close of fact discovery to ensure compliance with this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-01651-ODW-AYP Date: October 20, 2026

Title Lighthouse Healthcare Center, LLC v. National Fire & Marine Insurance

Order ;

(5) The parties are to meet and confer within seven (7) days of Plaintiff's receipt of the privilege log. If the parties are unable to resolve the disputes over the privilege log, then the parties are to submit briefing in compliance with LR 37-2; and

(6) Request for Sanctions will be held in abeyance until the foregoing issues are resolved.

(7) The parties are to submit a report on the progress of this Order within ten (10) days of this Order.

IT IS SO ORDERED.

IT IS SO ORDERED.

Initials of Preparer mp