Avi Wagner (SBN #226688)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Attorneys for Plaintiff*
*Lighthouse Healthcare Center, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lighthouse Healthcare Center, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>National Fire & Marine Insurance Company, a Nebraska Corporation; MedPro Group, Inc. and DOES 1-100,<br><br>Defendant(s). | **Case No.: 2:25-cv-01651-ODW-AYP**<br>**Hon. Otis D. Wright**<br><br>**PLAINTIFF'S MEMORANDUM OF EVIDENTIARY OBJECTIONS TO THE DEFENDANTS' SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS**<br><br>**Date: November 23, 2026**<br><br>**Time: 1:30 p.m.** |

| Plaintiff Lighthouse Healthcare Center, LLC's Evidentiary Objections to Defendants' MedPro Group, Inc.'s and National Fire & Marine Insurance Company's Statement of Undisputed Material Fact | | |
|---|---|---|
| **Paragraph Number** | **Plaintiff's Objection** | **Ruling** |
| 7 | Plaintiff objects to the use of Exhibit 39 to prove the truth of the statements made therein. The e-mail is hearsay and is not subject to any exception. Federal Rule of Evidence ("F.R.E.") 801, 803. It does not satisfy the business records exception because it was not made contemporaneous to any of occurrences described therein, nor did the author, Mr. Strother, have personal knowledge of the statements made. | |
| 16 | Plaintiff objects to the use of Exhibit 39 to prove the truth of the statements made therein. The e-mail is hearsay and is not subject to any exception. F.R.E. 801, 803. It does not satisfy the business records exception because it was not made contemporaneous to any of occurrences described therein, nor did the author, Mr. Strother, have personal knowledge of the statements made. | |
| 17 | Plaintiff objects to the use of Exhibit 39 to prove the truth of the statements made therein. The e-mail is hearsay and is not subject to any exception. F.R.E. 801, 803. It does not satisfy the business records exception because it was not made contemporaneous to any of occurrences described therein, nor did the author, Mr. Strother, have personal knowledge of the statements made. | |

| | | |
|---|---|---|
| 18 | Plaintiff objects to the use of Exhibit 39 to prove the truth of the statements made therein. The e-mail is hearsay and is not subject to any exception. F.R.E. 801, 803. It does not satisfy the business records exception because it was not made contemporaneous to any of occurrences described therein, nor did the author Mr. Strother have personal knowledge of the statements made. Plaintiff objects to the testimony cited in Exhibit 3, as it lacks foundation. F.R.E. 602. | |
| 19 | Plaintiff objects to the use of Exhibit 39 to prove the truth of the statements made therein. The e-mail is hearsay and is not subject to any exception. F.R.E. 801, 803. It does not satisfy the business records exception because it was not made contemporaneous to any of occurrences described therein, nor did the author Mr. Strother have personal knowledge of the statements made. | |
| 22 | Plaintiff objects to the use of Exhibit 39 to prove the truth of the statements made therein. The e-mail is hearsay and is not subject to any exception. F.R.E. 801, 803. It does not satisfy the business records exception because it was not made contemporaneous to any of occurrences described therein, nor did the author Mr. Strother have personal knowledge of the statements made. | |
| 23 | Plaintiff objects to the use of Mr. Strother's testimony at 30:11-31:3, as the testimony was given in response to an incomplete hypothetical by defense counsel, to which Mr. Strother's counsel objected.<br><br>When presented with a factual question, Mr. Strother's response was different. Wagner Decl., Ex. A, Strother Tr., 67:20-68:14. | |
| 77 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been | |

| | | |
|---|---|---|
| | employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 78 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 80 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 81 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 82 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 83 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The | |

| | | |
|---|---|---|
| | declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 84 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 85 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 89 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 92 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 93 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was | |

| | | |
|---|---|---|
| | employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 94 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 95 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |
| 97 | The cited portion of John Hopping's declaration lacks foundation (F.R.E. 602), as Mr. Hopping declares in paragraph 2 of his declaration that he has been employed by MedPro since February 2026. The declaration thus fails to establish who Mr. Hopping was employed by during the period in question (2016-17), nor whether and how Mr. Hopping's review and asserted reliance would have been imputed to MedPro. | |

Dated: November 2, 2026

THE WAGNER FIRM

*/s/ Avi Wagner*
Avi Wagner

1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: 310.491.7949
avi@thewagnerfirm.com

*Attorneys for Plaintiff Lighthouse Healthcare Center, LLC*