Avi Wagner (SBN #226688)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Attorneys for Plaintiff*
*Lighthouse Healthcare Center, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lighthouse Healthcare Center, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>National Fire & Marine Insurance Company, a Nebraska Corporation; MedPro Group, Inc. and DOES 1-100,<br><br>Defendant(s). | **Case No.: 2:25-cv-01651-ODW-AYP**<br>**Hon. Otis D. Wright**<br><br>**DECLARATION OF AVI WAGNER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**Date: November 23, 2026**<br><br>**Time: 1:30 p.m.** |

I, Avi Wagner, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the principal of The Wagner Firm, counsel for plaintiff Lighthouse Healthcare Center, LLC ("Lighthouse") in this matter. I have personal knowledge of the matters set forth herein and if called to testify could and would truthfully testify to the following.

2. I make this declaration in support of Plaintiff Lighthouse's Opposition to Defendants' MedPro Group Inc.'s ("MedPro's") and National Fire & Marine Insurance Company's ("NFMI's") Motion for Summary Judgment.

3. Attached to Plaintiff's Appendix of Evidence in Opposition as Exhibit A is a true and correct copy of excerpts of the transcript of the deposition of David Strother taken in this action.

4. Attached to Plaintiff's Appendix of Evidence in Opposition as Exhibit B is a true and correct copy of excerpts of the transcript of the deposition of Aaron Zolonz as the Rule 30(b)(6) deponent of Shomer Insurance Services taken in this action.

5. Attached to Plaintiff's Appendix of Evidence in Opposition as Exhibit C is a true and correct copy of an excerpt of the expert report of Defendants' underwriting expert Robert M. Anderson.

6. Attached to Plaintiff's Appendix of Evidence in Opposition as Exhibit D is a true and correct copy of excerpts of the transcript of the deposition of Defendant MedPro's Rule 30(b)(6) deponent on underwriting, David Pulley, taken in this action.

7. Attached to Plaintiff's Appendix of Evidence in Opposition as Exhibit E is a true and correct copy of excerpts of the transcript of the deposition of Defendant NFMI's Rule 30(b)(6) deponent on underwriting, Aaron Karnik, taken in this action.

8. Attached to Plaintiff's Appendix of Evidence in Opposition as Exhibit F is a true and correct copy of excerpts of the transcript of the deposition of Defendants' underwriting expert Robert Anderson taken in this action.

9. On December 5, 2025, Lighthouse made its first production of documents to Defendants in this action. Attached to Plaintiff's Appendix of Evidence in Opposition as Exhibit G is a true and correct copy of the e-mail transmission providing the link to these documents.

10. The very first document in that production was the March 8, 2017 e-mail from David Strother to Laib Greenspoon describing what Mr. Strother had been told and contemporaneously believed regarding the circumstances of Valerie Donnell's death. Attached to Plaintiff's Appendix of Evidence in Opposition as Exhibit H is a

true and correct copy of the produced document, bearing the bates stamp LH_00000001.

11. The parties cooperatively agreed to extend deadlines multiple times during this litigation, but Defendants never requested that Lighthouse stipulate to extend their deadline to amend their answer or otherwise assert a rescission claim.

12. Prior to August 11, 2026, I understood that Defendants did not intend to assert rescission in this action because they had not pleaded rescission as an affirmative defense or counterclaim, and had made no disclosures suggesting that they planned to assert rescission.

13. If I had been aware of Defendants' intention to seek rescission during discovery, I would have requested the deposition of John Hopping (whom Defendants did not produce as an underwriting deponent), engaged in meet and confer efforts when confronted with the lack of preparation conducted by Defendants' designated Rule 30(b)(6) underwriting deponents, and/or served contention interrogatories related to rescission.

14. On May 29, 2025, this Court entered a Scheduling Order in this action that requires parties seeking leave to amend the pleadings after the amendment cutoff to address the propriety of amendment under *Johnson v. Mammoth Recreations, Inc.*, 975

F.2d 604, 609 (9th Cir. 1992). Attached to the Appendix of Evidence in Opposition as Exhibit I is a true and correct copy of this order. It is properly subject to judicial notice under Federal Rule of Evidence 201.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 2, 2026. *<u>/s/ Avi Wagner</u>*

Avi Wagner