Avi Wagner (SBN #226688)
THE WAGNER FIRM
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 491-7949
Facsimile: (310) 694-3967
Email: avi@thewagnerfirm.com

*Attorneys for Plaintiff*
*Lighthouse Healthcare Center, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Lighthouse Healthcare Center, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>National Fire & Marine Insurance Company, a Nebraska Corporation; MedPro Group, Inc. and DOES 1-100,<br><br>Defendant(s). | **Case No.: 2:25-cv-01651-ODW-AYP**<br>**Hon. Otis D. Wright**<br><br>**DECLARATION OF LAIB GREENSPOON IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**Date: November 23, 2026**<br><br>**Time: 1:30 p.m.** |

I, Laib Greenspoon, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am the Chief Executive Officer of plaintiff Lighthouse Healthcare Center, LLC ("Lighthouse") and have served in this position since 2007. I have personal knowledge of the matters set forth herein and if called to testify could and would truthfully testify to the following.

2. I make this declaration in support of Plaintiff Lighthouse's Opposition to Defendants' MedPro Group Inc.'s and National Fire & Marine Insurance Company's Motion for Summary Judgment.

3. I am aware that insurance broker AmWINS submitted documents to Defendant MedPro between December 2016 and March 2017 to solicit a quote for a senior care liability insurance policy and the policy itself ("December 2016 AmWINS Submission").

4. In my role as CEO of Lighthouse, I am informed when insurers or potential insurers seek information from Lighthouse in relation to the issuance of a policy, or tenders made under an existing policy.

5. Between December 2016 and March 1, 2017, neither Defendant contacted Lighthouse to seek information about, nor clarification or supplementation of the December 2016 AmWINS Submission.

6. I am aware that during February 2017 and March 2017, Defendants required the provision of additional information and documents ("MedPro Subjectivities) in order to issue a policy, including an application drafted by MedPro. Lighthouse provided all MedPro Subjectivities.

7. Upon receiving a Notice of Intent to Sue on or about March 7, 2017 from counsel representing the husband of former resident Valerie Donnell, for alleged misconduct in the care of Mrs. Donnell, ("*Donnell* Notice") Lighthouse immediately sent it to Shomer Insurance for it to tender to MedPro.

8. Lighthouse does not have a general practice of investigating resident deaths, and did not conduct any investigation into the death of Valerie Donnell, nor any complaint related to her death at any point.

9. After the tender of the *Donnell* Notice in March 2017, neither Defendant reached out to Lighthouse, nor did they request additional documents or information from Lighthouse in relation to either the *Donnell* Notice, the AmWINS December 2016 Submission, or the MedPro Subjectivities.

10. Lighthouse received no communications or request for additional documents or information from either Defendant in relation to either the *Donnell* Notice, the AmWINS December 2016 Submission, or the MedPro Subjectivities,

between the March 7, 2017 tender of the *Donnell* Notice and the April 3, 2017 policy issuance.

11. Lighthouse likewise received no communications from either Defendant about either the *Donnell* Notice, the AmWINS December 2016 Submission, or the MedPro Subjectivities between April 3, 2017 and October 11, 2019 when Lighthouse tendered a lawsuit filed by Mr. Donnell.

12. MedPro did not communicate to Lighthouse any intent to rescind the policy prior to August 11, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 2, 2026.

/s/

Laib Greenspoon